UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY C.,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. C24-5070-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1964, has a limited education, and has worked as a cashier checker and caregiver. AR 3779-80. Plaintiff was last gainfully employed before July 2012. AR 3763.

1   In October 2013, Plaintiff applied for benefits, alleging disability as of October 2010.[1] AR 179-88. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 113-14. After conducting a hearing in January 2015, the ALJ issued a decision finding Plaintiff not disabled. AR 18-37. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6.

In July 2017, Plaintiff appealed the final decision of the Commissioner to this Court, which remanded the claims for further proceedings, instructing the ALJ to reevaluate the medical evidence, further develop the record, reassess Plaintiff's residual functional capacity (RFC), and proceed to step five as appropriate. AR 792-802. In July 2018, after a new hearing, the ALJ again found Plaintiff not disabled. AR 704-30. Plaintiff appealed the Commissioner's final decision and, while her appeal was pending, reapplied and was found disabled since April 2019. AR 2871.

In January 2020, this Court again remanded Plaintiff's claims with instructions for the ALJ to reevaluate the overall record. AR 2993-3002. On remand, after a new hearing in December 2020, where Plaintiff amended her onset date to July 2012, the ALJ reopened Plaintiff's favorable decision and concluded that Plaintiff had only been disabled since July 2019. AR 2868-901.

In March 2022, based on the parties' stipulation, this Court remanded Plaintiff's claims again, directing the ALJ to conduct a new hearing, further develop the record, reevaluate the medical source statements, lay witness evidence, and Plaintiff's testimony, and proceed with the

---

[1] The parties erroneously reference Plaintiff's initial application date as June 2013, likely due to a scrivener's error by the ALJ in the June 2015 nondisability determination. AR 21, 3760; see also Dkt. 13 at 2. However, the record shows that Plaintiff filed her initial applications in October 2013. AR 179-88.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

sequential evaluation as necessary. AR 3852-54. After a new hearing in August 2023, the ALJ affirmed that Plaintiff was not disabled prior to July 2019. AR 3757-93.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since July 2012.

**Step two**: Plaintiff has the following severe impairments: COPD, obesity, status-post colon resection for diverticulitis, degenerative disc disease, degenerative joint disease, plantar fasciitis, calcaneal spurs, mood disorder, anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform light work that does not require standing or walking for more than 4 hours total in a workday; that does not require climbing of ladders, ropes, or scaffolds; that does not require more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; that does not require concentrated exposure to vibration, pulmonary irritants, or extreme cold; that does not require exposure to hazards; that consists of simple instructions; and that does not require more than superficial interaction (such as "good morning" or "here is the item").

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 3763, 3766, 3779.

The ALJ's decision addressed only the period from Plaintiff's amended alleged disability onset date of July 2012 to June 30, 2019, the day prior to the date Plaintiff became disabled after reaching the advanced age category. AR 3761. This appeal followed. Dkt. 5. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence, lay witness statements, and Plaintiff's testimony; resulting in a flawed RFC assessment and erroneous step five determination. Plaintiff further contends that the proper remedy is to remand for an award

of benefits. Dkt. 13. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed. Dkt. 17.

A.     **The ALJ Erred in Evaluation of the Medical Evidence**

Because Plaintiff applied for benefits before March 27, 2017, prior regulations apply to the ALJ's evaluation of medical opinion evidence. Under these regulations, where not contradicted by another doctor, a treating doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (cleaned up). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Accordingly, an ALJ errs when he rejects a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

       1.     *Myrna Palasi, M.D.*

In May 2013, Dr. Palasi reviewed Plaintiff's medical records and concluded that Plaintiff was capable of less than sedentary work. Specifically, she found that Plaintiff could sit for most of the day, stand or walk for short periods, and lift no more than 10 pounds. She also noted Plaintiff's inability to frequently lift small objects. AR 3570. The ALJ gave this opinion "very little weight," preferring the opinions of agency consultants who reviewed more comprehensive records and were more qualified. AR 3776.

The ALJ offered no substantive findings to undermine Dr. Palasi's evaluation. Simply averring that the agency consultants reviewed more records or had better qualifications, without more, does not satisfy the required standard. *See Garrison*, 759 F.3d at 1012. The ALJ thus erred in dismissing Dr. Palasi's opinion without a substantive basis.

          2.     *DPT's Wong and Bachel*

In February 2014, Doctor of Physical Therapy (DPT) Christopher Wong observed clinical signs of Plaintiff's head and neck pain, radiating arm pain, and weakness in neck muscles. AR 609. Subsequently, in March 2014, DPT Angela Bachel opined that Plaintiff could work at a desk for one to four hours a day, would be disrupted by symptoms every 15 minutes, and could lift 5 to 15 pounds. She also noted Plaintiff's limitations in walking fewer than 100 yards and climbing fewer than 10 steps. AR 629-30. DPT Bachel further reported that Plaintiff had not progressed in most of the areas where she needed improvement, but explained that she was discharged from physical therapy due to insurance limitations. AR 631.

The ALJ discounted Bachel's findings, preferring the agency consultants' opinions and reasoning that DPT Bachel had not evaluated Plaintiff over a 12-month period. AR 3777. However, this reasoning fails to provide specific and legitimate grounds for rejecting DPT Bachel's opinion. The ALJ's conclusory review of DPT Bachel's assessment is particularly flawed in light of this Court's prior remand order, which explicitly directed the ALJ to reevaluate DPT Bachel's opinion. AR 3853. Consequently, substantial evidence does not support the ALJ's evaluation. *See Garrison*, 759 F.3d at 1012; *Beneke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("Sheer disbelief is no substitute for substantial evidence."); *Levin v. Schweiker*, 654 F.2d 631, 634-35, esp. 634 n. 7 (9th Cir. 1981) (ALJ must make "full and detailed findings of fact" supporting ultimate determination of disability).

        3.     *Renato Fajardo, M.D.*

In April 2015, Dr. Fajardo observed objective evidence of pain and tenderness and opined that Plaintiff was limited to sedentary work. AR 1257-64. The ALJ found this opinion unpersuasive, citing Plaintiff's normal strength and gait findings. AR 3775-76.

The ALJ's decision is unsupported by substantial evidence. Normal gait findings do not necessarily contradict sedentary limitations or Plaintiff's ability to walk. *See Sofia D. v. Saul*, 2021 WL 5020448, at *5 (C.D. Cal. Jan. 28, 2021) (rejecting conclusion that normal gait was inconsistent with testimony that claimant can only walk five to ten minutes). Moreover, the ALJ's conclusion that Dr. Fajardo's opinion relied excessively on Plaintiff's subjective complaints is inconsistent with the record. To the contrary, Dr. Fajardo's opinion was based on clinical signs of pain and tenderness, AR 1257-64, and the ALJ's rejection of this evidence was improper. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where "paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

        4.     *James Parker, M.D.*

In June 2017, Dr. Parker noted Plaintiff's abnormal mental health findings, including severe insomnia, anxiety, and difficulty with concentration, and indicated that Plaintiff's ability to perform tasks and interact with others was significantly limited. AR 1403-06. The ALJ gave partial weight to this opinion but rejected his assessment of Plaintiff's social and attendance limitations, citing Plaintiff's generally cooperative behavior during examinations. AR 3778-79.

The ALJ erred by dismissing Dr. Parker's opinion on these grounds. Isolated instances of cooperative behavior in clinical settings do not necessarily negate findings of significant limitations in work or social environments. *See Ghanim*, 763 F.3d at 1162. Dr. Parker's

observations of Plaintiff's emotional instability and distractibility were consistent with Plaintiff's documented symptoms and should not have been rejected without further explanation. AR 1405-06 (noting Plaintiff spoke quickly, used a lot of non-verbal gesturing, exhibited rapid emotional swings, required frequent redirection, and was easily distractible and tangential); *see also Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

       5.     *Gary Gaffield, D.O., and Shirley Deem, M.D.*

In January 2017, Dr. Gaffield observed several physical limitations in Plaintiff, including weakness in her left knee and tenderness in her feet. Despite these findings, Dr. Gaffield opined that Plaintiff could stand or walk for six hours in an eight-hour workday. AR 1389. The ALJ gave this opinion significant weight but found it failed to fully account for Plaintiff's standing and walking limitations. AR 3777. Subsequently, in June 2017, Dr. Deem observed Plaintiff limping and crying during her examination and opined that Plaintiff could only stand or walk for two hours per day. AR 1396-1401. The ALJ rejected this opinion, finding it inconsistent with medical records showing a normal gait. AR 3778.

The ALJ's reliance on normal gait findings is insufficient to discount the limitations documented by Dr. Deem, as previously discussed. Moreover, each of the records the ALJ relied on reflect ongoing complaints about persistent pain in Plaintiff's knees, which is consistent with Dr. Deem's assessment. AR 3778 (citing AR 1471, 1477, 3182). As such, the ALJ erred by rejecting Dr. Deem's opinion. *See Reddick*, 157 F.3d at 725.

       6.     *Drs. Rubio, Platter, Irwin, Fitterer, Hacker*

The ALJ gave substantial weight to the state agency consultants opinions. The ALJ found these opinions consistent with the overall record and stated that any deviations from these

opinions was based on evidence received at the hearing levels. AR 3775. "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014); *see also Garrison*, 759 F.3d at 1012 (ALJ errs by asserting without explanation that a medical opinion is more persuasive or failing to offer a substantive basis for his conclusions). The ALJ's vague reference to "subsequently admitted evidence" falls short of this standard.

### B. The ALJ Erred in Evaluation of Plaintiff's Testimony

The ALJ found Plaintiff's testimony unpersuasive, citing inconsistencies with the record. AR 3772-75. Absent evidence of malingering, an ALJ is required to provide "clear and convincing" reasons for discounting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which parts of the testimony are not credible and what evidence contradicts them. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). Although the ALJ is not obligated to accept every claim or analyze testimony line by line, the ALJ's rationale must be clear enough "that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022); *see also Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

In this case, the ALJ erred in rejecting Plaintiff's testimony regarding persistent nausea and vomiting. While the ALJ acknowledged Plaintiff's medical records showing intractable nausea and vomiting prior to and shortly after her colon surgery in August 2013, the ALJ improperly concluded that these symptoms were inconsistent with her later claims. AR 3772. But Plaintiff did not allege daily vomiting; instead, she described anxiety-induced nausea, occasional vomiting, headaches, and difficulty keeping food down during flare-ups. AR 3803.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9

The ALJ's reliance on sporadic records of nausea does not contradict Plaintiff's testimony, as those records align with her reports of anxiety-related symptoms and occasional nausea. AR 3772 (Citing AR 662, 675, 678, 682, 689, 1159, 1162, 1169, 1188, 1243, 1247 (occasional nausea); 1291 (vomited after receiving contrast); 1321, 1341, 1364, 1444, 1493-94 (mild nausea, no vomiting); 1499 (occasional nausea, refill of nausea medication); 1508, 1548, 1552, 1555, 1563, 1825, 2088, 2207, 2479, 3278 (nausea with cough and sinus pressure).

Regarding Plaintiff's complaints of severe musculoskeletal pain, the ALJ erred by dismissing her testimony based on intermittent evidence of symptom improvement following physical therapy. Although Plaintiff reported relief from physical therapy in 2014, she was unable to continue due to insurance limitations, not because her symptoms significantly improved. AR 3772-73 (citing AR 631). The ALJ also cited gaps in Plaintiff's reports of musculoskeletal pain to her providers during 2014 as evidence against her claims. However, occasional improvements in treatment do not reflect a claimant's ability to work, nor do they negate the severity of any underlying symptoms. *See Garrison*, 759 F.3d at 1017.

The ALJ also discounted Plaintiff's claims regarding her inability to stand or walk for prolonged periods due to calcaneal spurs, plantar fasciitis, and knee degeneration, noting that her gait and strength were normal at most visits. AR 3773 (citing AR 289, 636, 640, 660, 1079, 1081, 1161, 1164, 1168). However, the ALJ's reliance on normal gait observations fails to consider that such evidence does not necessarily reflect the ability to sustain work-related activities. Moreover, the ALJ's dismissal of Plaintiff's need to elevate her legs was improper. The ALJ noted that Plaintiff was only instructed to elevate her legs during acute flare-ups, but Plaintiff testified that she needed to take breaks and sit when her ankles and knees hurt, not that she required constant elevation. AR 3807.

Finally, the ALJ improperly rejected Plaintiff's testimony concerning her mental health symptoms, specifically her depression and anxiety. Although Plaintiff received treatment for these conditions during brief hospitalizations in 2013 and was advised to seek counseling in 2016, the ALJ noted the lack of follow-up treatment as evidence undermining her testimony. AR 3773-74. While it is true that "[e]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability," *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017), this does not negate Plaintiff's ongoing impairments. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("some improvement does not mean the person's impairments no longer seriously affect their ability to function.").

The ALJ also discounted Plaintiff's mental health symptoms based on a psychiatric evaluation in June 2016, which found largely normal memory and concentration in clinical settings. AR 3773-74. However, individuals with mental health issues often experience "cycles of improvement and debilitating symptoms," and isolated improvements do not disprove disability. *Garrison*, 759 F.3d at 1017. As previously discussed, the ALJ's conclusion that Plaintiff's claims of social isolation and frequent crying were inconsistent with her clinical presentation is similarly unsupported. Given these issues, the Court finds the ALJ failed to provide the requisite "clear and convincing" reasons for rejecting Plaintiff's testimony.

**C.      Scope of Remand**

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d

ORDER REVERSING THE COMMISSIONER'S
DECISION - 11

at 1020).  Second, the Court must consider "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101. Third, if the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  Even when all three steps are met, if "an evaluation of the record as a whole creates serious doubt that a plaintiff is, in fact, disabled," the Court has discretion to remand for further proceedings. *Id.*

      Here, Plaintiff satisfies all three conditions of the credit-as-true rule, making remand for benefits the appropriate course.  First, as discussed throughout this order, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's medical source statements and testimony.  The Court need not repeat that analysis here.

      Second, there is no need to further develop the record or hold additional administrative proceedings.  The ALJ failed to follow the proper methodology for evaluating the medical source statements and did not comply with this Court's previous remand instructions.  Additionally, the ALJ mischaracterized Plaintiff's testimony and improperly rejected her complaints without offering clear and convincing reasons for doing so.  The Vocational Expert (VE) testified that, based on the ALJ's RFC assessment, a person with Plaintiff's limitations would be unable to sustain competitive employment if they needed to sit throughout the day, miss more than one day of work per month, take extra breaks, or be off-task more than 10% of the time.  AR 3808-12.  Because the improperly discredited medical opinions outlined limitations incompatible with full-time work, Plaintiff is entitled to benefits.  *Trevizo v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017).

Although the Commissioner argues that further proceedings are necessary to allow the ALJ to revisit the improperly rejected medical opinions and testimony, Ninth Circuit precedent and the credit-as-true rule preclude such an argument. The Court has recognized that a remand for the ALJ to have a second—or in this case, a fifth—chance to review improperly rejected evidence does not qualify as a remand for a "useful purpose." *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show [Plaintiff] is not credible…").

Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. The Court's conclusion follows directly from the analysis of the ALJ's errors and the strength of the improperly discredited evidence, seven medical providers consistently concluded that Plaintiff was disabled due to severe physical and mental impairments. Moreover, the VE testified that a person with the limitations described by Plaintiff's medical providers would be unable to work. Consequently, Plaintiff meets the credit-as-true standard.

Turning to whether the Court should exercise its discretion to remand for further proceedings, the answer is clearly no. The Commissioner merely reasserts the same arguments already rejected by this Court—namely, that the opinions of Plaintiff's medical providers should not be given significant weight, and that Plaintiff's testimony should be discounted. The Commissioner's reliance on a few instances of slight improvement in Plaintiff's condition fails to undercut Plaintiff's overall claim of disability. The Commissioner does not point to any overlooked evidence that would cast doubt on Plaintiff's disability status. As the record

demonstrates, since her alleged onset date, Plaintiff has consistently suffered from severe impairments, including pain, sleep issues, and anxiety. Even though these symptoms may have temporarily improved at times, the evidence—corroborated by Plaintiff's medical providers—leaves no room to doubt that she has been unable to work since July 2012.

In addition, the "exceptional facts" of this case, *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990), strongly favor remand for immediate payment of benefits. Plaintiff is 60 years old and first sought benefits more than a decade ago; and the Commissioner has repeatedly failed to properly evaluate her application or follow this Court's instructions for remand. "[F]urther delays at this point would be unduly burdensome." *Terry*, 903 F.2d at 1280 (exercising discretion to order payment of benefits where plaintiff was 64 years old and applied for benefits four years earlier, despite lack of development in the record about a job plaintiff was allegedly qualified for); *see also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); (remanding for benefits where plaintiff "already waited over seven years for her disability determination"); *see also Trevizo*, 871 F.3d at 682-83 (remanding for benefits where plaintiff was 65, sought benefits seven years prior, and claimed disability ten years prior, despite some unexplained non-compliance with medication).

Because the medical opinion evidence and Plaintiff's testimony establish her disability, the Court need not address whether the ALJ erred in evaluating lay witness statements or Plaintiff's RFC. Taking everything into account, Plaintiff meets all three prongs of the credit-as-true rule, and a thorough review of the record does not raise any serious doubts as to her disability. Therefore, remand for a calculation and award of benefits is warranted under the Ninth Circuit's credit-as-true precedent.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an award of benefits under sentence four of 42 U.S.C. § 405(g).

Dated this 4th day of October, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge